UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:02CV-287-R

BREMNER, INC.                                                                                              PLAINTIFF

v.

ARCHER DANIELS MIDLAND                                                                      DEFENDANT

**OPINION AND ORDER**

This matter is before the court on motion of Plaintiff/Counter-Defendant Bremner, Inc. ("Bremner") to limit the testimony of defendant's accounting expert, Joe Craft (Dkt. # 65). Defendant/Counter-Plaintiff Archer Daniels Midland ("ADM") responded (Dkt. # 77); Bremner replied (Dkt. # 88); and ADM sur-replied (Dkt. # 101). In a related matter, ADM has filed a motion to exclude the testimony of Bremner employees on alleged damages (Dkt. # 100), to which Bremner has responded (Dkt. #105), and ADM replied (Dkt. # 111). This matter is now ripe for decision.

Originally, Mr. Craft was labeled as an expert in two areas: (i) to support ADM's claim of damages, and (ii) to comment on the conclusion of Bremner's expert, Helen Cohen. ADM states that it will not call Mr. Craft to testify on the issue of its damages, but it does intend to call him to give expert opinion on Ms. Cohen's opinion on Bremner's damages. ADM admits that Mr. Craft has not provided a final expert report as requested by court orders. ADM states numerous documents and other information have been requested from Bremner that would enable Mr. Craft to complete his final report, but alleges that Bremner has not provided them in their entirety. Bremner responds that it has provided all the requested information.

There also have been other developments. In pretrial disclosures, Ms. Cohen was labeled

as Bremner's damages expert. However, it appears that Bremner is now primarily relying upon in-house personnel to testify as to those damages. Bremner did list those persons as having information relevant to its claims, but they were not specifically listed as expert witnesses. ADM claims surprise and has filed a motion in limine to exclude testimony of Bremner employees on alleged damages. That motion is related to the motion concerning Mr. Craft.

The court has conducted a conference call with counsel. This dispute over Mr. Craft and the testimony of Bremner employees stems more from a good faith misunderstanding of competent counsel. The parties have agreed that ADM may depose Jill Towery and others that may provide testimony in support of Bremner's damages. Immediately thereafter Mr. Craft shall submit his report and be available for deposition.

Counsel in this case have a continuously demonstrated strong professional conduct and courtesy. They have agreed to expedite these depositions.

**IT IS ORDERED** that ADM's motion to limit the testimony of Mr. Craft is granted in part, in that it is agreed that he will offer no testimony on the issue of ADM's damages; it is denied otherwise, with leave to refile should his deposition or report show reasons, other than tardiness, for the exclusion of his testimony.

**IT IS ALSO ORDERED** that ADM's motion to exclude the testimony of Bremner employees on alleged damages is denied, with leave to refile should later discovery demonstrate a reason for their exclusion.

**IT IS SO ORDERED.**